# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

James A. Davidson,   Case No. 3:16CV2794

    Plaintiff

    v.   **ORDER**

Commissioner of Social Security,

    Defendant

This is a Social Security case in which the plaintiff, James Davidson, appeals from the Commissioner's decision denying him benefits.

An administrative law judge determined that Davidson suffered from multiple severe impairments, including a depressive disorder. (Doc. 10 at 20). But the ALJ concluded that Davidson had the residual functional capacity (RFC) to perform sedentary work, provided that the work involved only: 1) oral, rather than written, instructions; 2) no fast-paced production schedule; and 3) "simple, routine, repetitive tasks involving only simple work related decisions and few if any workplace changes." (*Id.* at 23).

Pending is Magistrate Judge Ruiz's Report and Recommendation, which recommends that I affirm the Commissioner's decision. (Doc. 14).

The Magistrate Judge rejected Davidson's argument that the ALJ erred when he afforded "great weight" to the opinion of a state agency psychologist, Jennifer Swain, but, without explanation, failed to incorporate two of her proposed limitations into the RFC. (*Id.* at 11–14).

Dr. Swain had concluded that, because Davidson was "moderately limited" in his ability to remember and execute detailed instructions, Davidson would be "best suited for work involving simple and moderately complex tasks that are presented verbally or demonstrated." (Doc. 10 at 121). She also opined that Davidson was "moderately limited" in terms of his ability "to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (*Id.* at 122).

According to Dr. Swain:

[Davidson's] depression may interfere with his ability to complete a normal workday/workweek.

He can sustain work in a setting where there is some flexibility allowed as to the scheduling of breaks and the pacing of tasks.

(*Id.*).

The ALJ gave "great weight" to Dr. Swain's opinion (*id.* at 31), and he incorporated several of the limitations she identified into Davidson's RFC. For example, he limited Davidson to performing "simple, routine, repetitive tasks," in a work environment that was not fast-paced and involved few, if any, changes. (*Id.*).

But the ALJ did not acknowledge Dr. Swain's findings regarding Davidson's limited ability to complete a workday and workweek or his need for flexible breaks. (*Id.*). Nor did the ALJ explain the apparent inconsistency between giving Dr. Swain's opinion "great weight" across the board and failing to include those limitations.

The Magistrate Judge concluded that the ALJ's handling of Dr. Swain's opinion did not warrant reversal. It was sufficient, the Magistrate Judge found, that the ALJ "considered Dr. Swain's

opinion, adopted in part the proposed limitation concerning pace, and implicitly adopted the proposed limitation concerning flexibility of breaks." (Doc. 14 at 13).

Davidson has filed an objection (Doc. 15), and, on de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I will sustain the objection, vacate the Commissioner's decision, and remand for further proceedings.

A claimant's RFC describes "the most a claimant can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155–56 (6th Cir. 2009).

In formulating an RFC, the ALJ "is not required to discuss each and every piece of evidence in the record for his decision to stand." *Moscorelli v. Colvin*, 2016 WL 4486851, *3 (N.D. Ohio) (Lioi, J.). "However, where the opinion of a medical source contradicts his RFC finding, an ALJ must explain why he did not include its limitations in his determination of a claimant's RFC." *Id.*; *see also* SSR 96–8p, 1996 WL 374184, *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

"While [the ALJ] must explain his reasoning for rejecting any part of the opinions of the state agency psychologist, this explanation requirement does not extend to offering 'good reasons'" that an ALJ must provide when rejecting a treating source's opinion. *Moscorelli*, *supra*, 2016 WL 4486851 at *3.

Here, the ALJ failed to explain why he did not incorporate two limitations that Dr. Swain identified – Davidson's moderately limited ability to complete a workday and workweek, and his need for flexibility in scheduling breaks – into Davidson's RFC. The failure is all the more glaring, given that the ALJ afforded "great weight" to Swain's entire opinion. (Doc. 10 at 31).

In these circumstances, the ALJ's failure to explain his decision deprived this court of a "logical bridge between the evidence on the record and his conclusion," *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011), and left the Commissioner, in her brief on the merits (Doc. 12 at 14–16), to defend the ALJ's decision with impermissible, post-hoc rationalizations, *see S.E.C. v. Chenery*, 332 U.S. 194, 196 (1947).

"[B]ecause the ALJ's decision does not permit this reviewing court to follow the reasoning and treatment of" Dr. Swain's opinion, I must vacate the Commissioner's decision and remand for further proceedings. *Davis v. Comm'r of Soc. Sec.*, 2018 WL 1377790, *10 (N.D. Ohio) (Knepp, J.),

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Davidson's objection to the Report and Recommendation (Doc. 15) be, and the same hereby is, sustained; and

2. The Commissioner's decision be, and the same hereby is, vacated, and the case is remanded for proceedings not inconsistent with this order.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge